# COMMON PLEAS

No. 855
BALT. & O. SOUTHW. RD. CO. v. VILLAGE OF OAK HILL et.
Common Pleas Court, Jackson Co.
No. 8771.    Decided August 20, 1926.
First Publication of this Opinion.

Syllabus by Editorial Staff.
991.    RAILROADS—1053. Roads and High-

ways—Where land, adjacent to right of way, is dedicated by owner for street purposes, and so used by public for more than forty years, and railroad company fails to file deed, under which it claims right of way 100 feet wide, for more than fifty years, company is estopped from claiming any right in the street.

103. ASSESSMENTS—Failure to file objection, as provided by 3848 GC., bars owner from attacking assessment made by front foot method.    (Conkle v. City of Bellevue, 4 Abs. 299, approved and followed.)

Action to enjoin street assessment.

Injunction denied.

John P. Phillips, Chillicothe and Frank De-Lay, Jackson for Railroad Co.

Evan E. Eubanks, Jackson, for Village.

## STATEMENT OF FACTS.

Plaintiff claims that the assessment of its property for improvement of East Street, between Main and Lincoln Streets, in the Village of Oak Hill, is illegal and void for the reason that the strip of land upon which said improvement has been made, is not a public street but is the property of the plaintiff.

## OPINION OF COURT.

The following is taken, verbatim, from the opinion.

JONES, J.

The railroad company holds title to its right of way under a grant, to its predecessors, from John T. Jones, dated Aug. 6, 1851 and recorded in volume 49, page 589 of Deed Records of Jackson County, in which a description of the right of way is as follows:

"Any land owned by me in the County of Jackson, and which lie on the line finally to be adopted by said road to hold and use the strip thereof of such width as the law provides may be used by said company."

This deed or grant was not presented or filed for record until Aug. 8, 1902. On November 2, 1854, the same John T. Jones laid out and platted, duly acknowledged and caused to be recorded, what is known as John T. Jones' addition to the Town of Portland, in which he dedicated the streets and alleys shown on the plat or survey thereof for public use.    In this plat and survey of John T. Jones' addition, East Street is shown as lying between said addition and the railroad, or abuting the lot lines on the east and the railroad on the west, and in the legend on said plat, it is referred to and described as follows:

"The course of streets and alleys are north and south, east and west, except East Street next the railroad.    It is 25 links wide course N. 28 E. S. 28 W."

Testimony of witnesses is to effect that for more than forty years East Street from Main Street to Tailor Evans alley, which is a short distance from Lincoln Street, was open to and used by the public as a street for pedestrian and vehicular travel and that from time to time it was improved and repaired, by the village, for travel and traffic.    There is no evidence that the plaintiff or its predecessor ever used or occupied any part of the land or strip shown on the plat as East Street and being the improvement for which the assessment has been made.    The evidence further shows that the right of way of the plaintiff, as now used and occupied, abuts on East Street, for whose improvement the assessment now attacked is made.

It is claimed by counsel for railroad company, that, notwithstanding the use and occupancy of that strip of land now known as East Street by the public for travel, it was a permissive use, that at the time of the grant to the railroad company it was entitled to obtain, by condemnation proceedings, a right of way to the width of 100 feet and that the identical language employed in the grant from John T. Jones to the railroad company has been construed and defined by our own Circuit Court in the cases of the B. & O. S. W. Rd. Co. v. George Mead and same v. Christian H. A. Sauer, decided at Portsmouth, Scioto County, on Nov. 1, 1902. The decision in those two cases turned largely upon the construction of the grant and to the acts under it on the one hand by the railroad company and of the owners of the land on the other. Whatever inference may be drawn as to the intention of the parties from the language used in the grant it is significant that in the case at bar the grantor by an instrument executed with the same degree of solemnity as the deed to the railroad company and almost contemporaneously, laid out and dedicated East Street and by so doing not only fixed and established the location and dimensions of East Street, but also fixed and established the west line of the railroad right of way.

The case at bar is distinguished from the Scioto County cases cited by counsel for plaintiff, but the acts and conduct of the parties, the railroad company as well as the grantor, tend to prove that they intended that East Street be located where it now is and that it marked and established the railroad's boundary line at this point, and if it were not the case there has been such adverse and continuous use of this strip of land by the public as a street for such length of time coupled with the fact that purchasers and owners of lots in said addition and abutting on said East Street had a right to rely upon the records of the county and the use of the street by the public and the failure of the railroad company to file its deed for record for such length of time or make any claim to said street until recent years, the plaintiff is now estopped from claiming any right or title to this street or any part thereof.

Evidence tending to fix the value to the railroad of property assessed for this improvement was offeied by the plaintiff for the purpose of showing that the assessment on this property, within the last five years, were in excess of one third of the actual value thereof, and also testimony, by the village, that the statutory limitation had not been exceeded. The evidence, as to the value of this specific property, is rather unsatisfactory. However, it will not be necessary to determine the value of this property to make disposition of this case, Section 3848 GC., provides that:

"If any person objects to an assessment, he shall file his objection in writing, with the Clerk, within two weeks after the expiration of such notice." etc.

The plaintiff does not claim that it filed any objection in writing to said assessment but in its reply to defendant's answer, in this case the plaintiff admits that it filed no objections to said assessment in writing. The next question naturally arises, does the failure to file objections as provided by 3848 GC. bar the owner from attacking the assessment when made by the front foot method? The question has been answered in a more recent case, decided Feb. 15, 1926, by the Court of Appeals, Sandusky County, found in Ohio Law Abstract, May 15, 1926, at page 299, where the Court of Appeals held as follows:

"Sections 3848 and 3895 GC., apply to assessments by the front foot method, and failure to file objections in compliance with 3848 GC. deprives property owners of injunctive remedy provided by Sec. 12075 GC."

Injunction prayed for by the plaintiff will be denied and petition herein dismissed at plaintiff's costs and an entry may be drawn in accordance with this opinion.